# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEITH A. HAYES, et al. | : | NO. 14-2325 |

FILED

MAY 28 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

SLOMSKY, J.                                                                                  MAY 27, 2014

Plaintiff Bryan Angle, a prisoner at the State Correctional Institution at Forest, brings this action, pursuant to 42 U.S.C. § 1983, against several employees or former employees of the Chester County Department of Children, Youth and Families ("CCDCYF"). He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTS

Plaintiff alleges that officials at CCDCYF removed him from his mother's custody from 1995 through 2006, when he appears to have reached the age of majority.[1] Plaintiff asserts that he should have received a state allowance of approximately $95.00 per month during that time period. He claims that he received the funds from 1999 through 2001, and from 2003 through 2005, but that he did not receive any funds for the additional time that he was in CCDCYF custody. At some point, plaintiff and his mother inquired about the funds, but were apparently unsuccessful in recovering them. Accordingly, plaintiff initiated this lawsuit against several current or former employees of CCDCYF.

---

[1] The Pennsylvania Department of Corrections's inmate locator page reflects that plaintiff was born in 1988, confirming that he would have turned eighteen in 2006.

1

### II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record and judicially noticeable facts. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The limitations period may be tolled in accordance with state law. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

As plaintiff was a minor at the time he was deprived of the funds at issue in the complaint, Pennsylvania tolling law allows him two years from his eighteenth birthday in 2006 to file his claims. *See* 42 Pa. Cons. Stat. § 5533(b); *Bond v. VisionQuest*, 410 F. App'x 510, 513-14 (3d Cir. 2011). However, although plaintiff apparently knew (or at least should have known) by 2006 that he was deprived of monies to which he was allegedly entitled, he did not file this lawsuit until April of 2014, approximately six years after the limitations period expired. Nothing in the complaint justifies tolling the limitations period for six years. Accordingly, the Court will dismiss the complaint as time-barred. As it appears that amendment would be futile, plaintiff will not be permitted to file an amended complaint.

### IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.